Willie Ray MACKEY *v.* STATE of Arkansas

CR 86-48                                          711 S.W.2d 462

Supreme Court of Arkansas
Opinion delivered June 16, 1986

*Hurst Law Office,* by: *Q. Byrum Hurst, Jr.,* for appellant.

*Steve Clark,* Att'y Gen., by: *Joel O. Huggins,* Asst. Att'y Gen., for appellee.

DAVID NEWBERN, Justice. The appellant was convicted of first degree murder by a "death qualified" jury. We affirmed. *Mackey v. State,* 279 Ark. 307, 651 S.W.2d 82 (1983). He petitioned us for permission to seek post conviction relief in the

trial court pursuant to Ark. R. Crim. P. 37 on the ground that he had been denied due process because potential jurors who had expressed unwillingness to impose the death penalty had been excused and thus he was tried by a conviction prone jury rather than one composed of a true cross-section of persons in the community. We denied his petition for two reasons. First, it was an issue which could have been, but was not, raised at his trial in the Rule 37 petition, and, if proven, would not have voided the conviction. Second, we had repeatedly held that a so-called "death qualified" jury was not unconstitutional. *Mackey* v. *State*, 286 Ark. 188, 690 S.W.2d 353 (1985).

The appellant then sought to have his sentence set aside pursuant to Ark. Stat. Ann. § 43-2314 (Supp. 1985) on the basis that it had been imposed in an illegal manner, again claiming the sentence was invalid because it was imposed by a "death qualified" jury. The trial court denied the relief requested.

We affirm again. Even had this issue not been waived by failure to raise it at the trial level, we have consistently held that "death qualified" juries are not unconstitutional. *See, e.g., Hendrickson* v. *State*, 285 Ark. 462, 688 S.W.2d 295 (1985); *Rector* v. *State*, 280 Ark. 385, 659 S.W.2d 168 (1983). Our view of the matter has recently been upheld by the United States Supreme Court in *Lockhart* v. *McCree*, Case No. 84-1865, May 5, 1986.

Affirmed.